# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION

| | |
|---|---|
| **WÄRTSILÄ TECHNOLOGY OY AB and WARTSILA DEFENSE, INC.** <br> **Plaintiffs,** <br><br> **v.** <br><br> **COASTAL SEAL SERVICES, LLC,** <br><br> **Defendant.** | **Civil Action File No. 5:16-cv-198** |

## COMPLAINT

Plaintiffs, Wärtsilä Technology Oy Ab ("Wärtsilä Technology") and Wärtsilä Defense, Inc. ("WDI" and, collectively with Wärtsilä Technology, "Plaintiffs"), by and through undersigned counsel, file this Complaint against Coastal Seal Services, LLC (hereinafter "Defendant" and/or "Coastal Seal") and allege as follows:

## PARTIES

1.      Plaintiff Wärtsilä Technology is a Finnish manufacturer of ship machineries with its headquarters in Helsinki.  Plaintiff WDI is a corporation organized and existing under the laws of Virginia, having its principal place of business at 3617 Koppens Way, Chesapeake, Virginia 23323.

2.      Defendant is a corporation organized and existing under the laws of the State of North Carolina, having its principal place of business at 1749 Jessica Ann Road, Lincolnton, North Carolina 28092-5604.  Defendant may be served by delivering a copy of the Summons and Complaint to its Registered Agent, Richard C. Thomas, at Defendant's principal place of business.

1

**JURISDICTION AND VENUE**

3. This is an action arising under the trademark laws of the United States. Jurisdiction of this court is predicated upon 15 U.S.C. § 1121 and 28 U.S.C. §§1331 and 1338(a) and (b).

4. This Court has supplemental jurisdiction of this action, pursuant to 28 U.S.C. § 1367(a), over all related claims that do not otherwise fall within this Court's jurisdiction under 15 U.S.C. §1121 or 28 U.S.C. §1338.

5. Jurisdiction over this case in this Court is also proper pursuant to 28 U.S.C. § 1332(a). Plaintiffs WDI and Wärtsilä Technology are citizens of Virginia and Finland, respectively, while Defendant is a citizen of North Carolina. The amount in controversy exceeds $75,000.

6. Venue is proper in the Western District of North Carolina pursuant to 28 U.S.C. §1391(b) and (c).

7. Defendant, at all times mentioned below, committed the acts complained of in this action within the States of North Carolina, Maryland and the District of Columbia, as well as within other states of the United States and in interstate commerce.

**FACTUAL ALLEGATIONS**

*WDI*

8. WDI is one of two wholly-owned subsidiaries comprising the United States operations of Wärtsilä Corporation ("Wärtsilä"), a Finnish power and marine systems company. WDI operates as a United States government defense contractor, specializing in the manufacture and supply of components for vessels owned by the United States Navy and the Department of Homeland Security (the "DOHS").

2

9.    The potential purchasers in WDI's market are limited to the United States Navy (the "Navy"), the DOHS, the United States Coast Guard, which operates under the Navy and the DOHS (the "USCG"), and Military Sealift Command, which operates under the Navy but has separate contracting authority ("MSC").  Occasionally, WDI supplies shaft seal components and parts to privately-owned shipyards for use on United States Government vessels, but the Navy, the DOHS, MSC, and/or the USCG, as the owner/ultimate purchaser, makes all purchasing decisions in connection with such purchases.

10.    WDI is a primary supplier of shaft seals to United States Government vessels.

11.    WDI's shaft seals have acquired a distinctive reputation in its market through superior performance, marketing and the high quality standards of WDI's products.

12.    WDI has established a reputation in the industry as a market leader in the United States naval/marine defense market.

*The Wärtsilä Trademark*

13.    WDI sells shaft seals under the Wärtsilä Trademark pursuant to a license granted by Wärtsilä Technology.

14.     "Wärtsilä", United States Trademark registration No. 2078313, is a registered trademark, owned by Wärtsilä Technology and licensed to each of the entities within the Wärtsilä corporate family (the "Wärtsilä Trademark").  The Wärtsilä Trademark is used to identify products manufactured by any Wärtsilä-owned (whether directly or indirectly) entity.

15.    This registration is valid, subsisting, in full force and effect and has become incontestable pursuant to 15 U.S.C. §1065.

16.    The registration of the mark constitutes *prima facie* evidence of its validity and conclusive evidence of Wärtsilä Technology's exclusive right to use the Wärtsilä Trademark in

3

connection with the goods identified therein and other commercial goods, including its right to license such use to others.

17.     The registration of the Wärtsilä Trademark also provides sufficient notice to Coastal Seal of Wärtsilä Technology's ownership and exclusive rights in the Wärtsilä Trademark. By virtue of the Wärtsilä Trademark and its extensive use by Wärtsilä Technology, "Wärtsilä" has come to symbolize the reputation and goodwill of Plaintiff, Wärtsilä Technology.

18.     By virtue of the Wärtsilä Trademark and its extensive use by WDI since 2002, "Wärtsilä" has come to symbolize the reputation and goodwill of Plaintiff, WDI.

19.     The Wärtsilä Trademark has been continuously used and has never been abandoned by WDI, Wärtsilä Technology, or any other member of the Wärtsilä corporate family.

*Coastal Seal and the Inferior Products*

20.     Coastal Seal is an engineering services company that provides shaft seal application services in the marine industry and solicits supply contracts from the U.S. government in direct competition with WDI.  All of Coastal Seal's employees, including its principal, are former employees of WDI.

21.     Specifically, Coastal Seal sells shaft seals and/or component parts to various agencies within the United States government, including the DOHS, the USCG, MSC, and the Navy.

22.     WDI has confirmed that Coastal Seal has sold its shaft seals and/or component parts into the USCG's supply system.

23.     WDI has examined certain Coastal Seal shaft seal components and parts being used on USCG vessels and has determined that they are inferior in quality to those of WDI.

4

24.     It is likely that Coastal Seal has sold its shaft seals and/or component parts (the "Inferior Products") to other agencies within the United States government.

25.     Upon information and belief, Coastal Seal sold the Inferior Products to the USCG by falsely representing or suggesting to the USCG, the DOHS, the Navy, MSC, and/or other agencies of the United States government (collectively, the "U.S. Government") either (i) that the Inferior Products were manufactured by or procured from WDI or (ii) that the Inferior Products have the same salient physical, functional, or performance characteristics of seal components and/or parts manufactured by WDI.

26.     Upon information and belief, the Inferior Products were sold to the USCG by Coastal Seal pursuant to contract, including, but not limited to, the following contracts:

- HSCG4015P21083-0;
- HSCG4014P40038;
- HSCG4014P40041;
- HSCG4014P40468;
- HSCG4014P40471;
- HSCG4014P40596-0;
- HSCG4015P40038;
- HSCG4013P40138-0;
- HSCG4013P40476;
- HSCG4013P40356;
- HSCG4015P40038;
- HSCG4015P40046;
- HSCG4015P40489;
- HSCG4015QAL125;
- HSCG4015P21083;
- HSCG4016P40178-0 (collectively, the "WDI Brand Supply Contracts"); and
- HSCG4016P40074 (the "WDI Equivalent Supply Contract" and, collectively with the WDI Brand Supply Contracts, the "Supply Contracts").

5

*The WDI Brand Supply Contracts*

27.    The Government Solicitations underlying the WDI Brand Supply Contracts expressly called for shaft seals and/or component parts manufactured by or procured from WDI (the "WDI Brand Solicitations").

28.    The WDI Brand Solicitations specifically identified Wärtsilä as the OEM of the shaft seals and/or component parts to be supplied and listed the corresponding Wärtsilä (WDI) parts numbers for the shaft seals and/or component parts to be supplied under the WDI Brand Supply Contracts.  By way of example, the WDI Brand Solicitations expressly required WDI Brand shaft seals and/or component parts, as follows:

```
1    2010 01-560-3273
     FACE CHANGE OUT KIT
     "70150610"
     WLIC FSE 4.5"  FACE CHANGE KIT,
     US74537-02  USCG.
     MFG NAME: WARTSILA DEFENSE INC
     PART_NBR: WLP001365-002

2    5330 01-645-3665
     PARTS KIT, SEAL MECHANICAL EQ
     TAS# 70150610
     MFG NAME: WARTSILA DEFENSE INC
     PART_NBR: H72579-01-7
```

6

29.    Notably, the WDI Brand Solicitations prohibited the use of substitute part numbers and, in some cases, required that the bidding contractor be an authorized WDI dealer:

> YOU MUST BE AN AUTHORIZED DISTRIBUTOR OR DEALER OF WARTSILA DEFENSE INC AND PROVIDE WRITTEN DOCUMENTATION FROM WARTSILA DEFENSE INC. Substitute parts are not acceptable. It is anticipated that a non competitive sole source purchase shall be awarded as result of this synopsis/ solicitation. It is the Governments belief that only WARTSILA DEFENSE and or their authorized distributors can obtain the required technical and engineering data and genuine OEM parts required to successfully provide these items. Concerns having the expertise and require capabilities to provide these items are invited to submit complete information discussing the same within (2) calendar days from this notice is posted. The information submitted must include a letter from the OEM verifying the offeror is an authorized distributor and verifying the OEM will supply only genuine OEM parts

30.    That the USCG contemplated that the shaft seals and/or component parts to be supplied under the WDI Brand Supply Contracts be genuine WDI products is evidenced by the following instruction:

> PART NUMBER: H73090
> DESCRIPTIVE DATA: WHEN ORDERING LET WARTSILA KNOW THE GA# WHICH IS H70309 AND THE SHAFT SIZE WHICH IS 4.5 INCHES. THEY WILL USE NUMBER H7030900000114 TO ANNOTATE THE MILLIMETERS USED. THIS NSN HAS REPLACED NSN: 2040-01-F11-2243.
> QTY: 6 EACH
> REQUESTED DELIVERY DATE: 12/22/13

31.    The WDI Brand Solicitations further required that any shaft seals and/or component parts supplied pursuant to a WDI Brand Supply Contract be individually packaged and labeled with the applicable WDI parts number:

> All packages shall have the Purchase Order Number, Stock Number, Vendor name, and Part Number clearly marked on the exterior of the package.

32.    Coastal Seal submitted proposals in response to the WDI Brand Solicitations. WDI submitted proposals for all but three of the WDI Brand Solicitations. All of the Brand Supply Contracts were awarded to Coastal Seal.

7

33.    In accordance with the WDI Brand Solicitations' requirements, WDI's proposals included the supply of shaft seals and/or component parts manufactured by WDI.

34.    Upon information and belief, Coastal Seal's bids in response to the WDI Brand Solicitations also proposed the supply of WDI shaft seals and/or component parts.

35.    Upon information and belief, WDI believes that Coastal Seal was able to undercut WDI's price in its bids for each of the WDI Brand Supply Contracts on which both parties submitted bids by looking at prior shaft seals and/or component parts contract awards by the USCG to WDI.  Coastal Seal could afford to accept a lower price because it anticipated supplying the Inferior Products instead of genuine WDI shaft seals and/or component parts and was, therefore, not subject to the same pricing constraints as WDI.

36.    Upon information and belief, Coastal Seal represented to the U.S. Government that the Inferior Products were genuine WDI shaft seals and/or component parts in both oral and written communications and by placing WDI parts number labels on the supplied shaft seals in connection with its performance of the WDI Brand Supply Contracts,.

37.    Coastal Seal's representations that the Inferior Products were manufactured by or procured from WDI would have been literally false.  The Inferior Products are not genuine WDI shaft seals and/or component parts.  Coastal Seal did not obtain the Inferior Products from WDI or any authorized dealer of WDI shaft seals and/or component parts.

38.    By using labels denoting the Inferior Products as being "Wärtsilä" parts and having WDI parts numbers, Coastal Seal also used the Wärtsilä Trademark to identify WDI as the source of the Inferior Products.  WDI did not manufacture and, therefore, was not the source, of the Inferior Products.

8

39.     Coastal Seal's use of the Wärtsilä Trademark in connection with the Inferior Products was likely to cause the U.S. Government to incorrectly believe that the Inferior Products were genuine WDI shaft seals and/or component parts, as required by the WDI Brand Supply Contracts.  In fact, upon information and belief, Coastal Seal used the Wärtsilä Trademark in connection with the Inferior Products for the purpose of causing this misperception.

40.     Based upon the Brand Name Solicitations, the supply of genuine WDI shaft seals and/or component parts was a prerequisite for the award of the WDI Brand Supply Contracts. Therefore, Coastal Seal's representation that the Inferior Products were manufactured by WDI or procured from WDI was material to the U.S. Government's decision to purchase the Inferior Products from Coastal Seal.

41.     Based upon its recent dealings with the USCG, WDI has determined that the U.S. Government believes that the Inferior Products acquired pursuant to the WDI Brand Supply Contracts are genuine WDI products.  Upon information and belief, this misperception is due to Coastal Seal's false representation that the Inferior Products were manufactured by WDI or procured from WDI.

42.     The U.S. Government's confusion regarding the origin of the Inferior Products is compounded by Coastal Seal's use of the Wärtsilä Trademark and WDI parts numbers in connection with the Inferior Products.

43.     By falsely representing that the Inferior Products were manufactured by WDI or procured from WDI, Coastal Seal diverted sales of shaft seals and/or component parts from WDI to itself.

44.     By utilizing the Wärtsilä Trademark to falsely designate the origin of the Inferior Products, Coastal Seal diverted sales of shaft seals and/or component parts from WDI to itself.

9

45.     By associating the Wärtsilä Trademark with the Inferior Products, Coastal Seal is jeopardizing WDI's reputation as a provider of high quality shaft seals and/or component parts in the United States naval/marine defense industry.

46.     By associating the Wärtsilä Trademark with the Inferior Products, Coastal Seal is tarnishing Wärtsilä Technology's reputation and diminishing the value of the "Wärtsilä" Trademark.

*The WDI Equivalent Supply Contract[1]*

47.     The Government Solicitation underlying the WDI Equivalent Supply Contract called for the supply of either (i) WDI shaft seals and/or component parts or (ii) non-WDI shaft seals and/or component parts having the same salient physical, functional, or performance characteristics of shaft seals and/or component parts manufactured by WDI (the "WDI Equivalent Solicitation").     The WDI Equivalent Solicitation specified the physical, functional and/or performance characteristics that non-WDI shaft seals and/or component parts to be supplied under the WDI Equivalent Supply Contract were required to possess.

48.     The WDI Equivalent Supply Contract was awarded to Coastal Seal under the USCG's Simplified Acquisition Procedures.

49.     Coastal Seal's bid in response to the WDI Equivalent Solicitation proposed the supply of non-WDI shaft seals and/or component parts allegedly having the requisite physical, functional and/or performance characteristics specified in the WDI Equivalent Solicitations.

50.     Upon information and belief, Coastal Seal represented to the U.S. Government that the Inferior Products had the physical, functional, and/or performance characteristics of the WDI

---

[1] Based upon the USCG's response to WDI's request for information under the Freedom of Information Act (the "FOIA"), WDI has only identified one WDI Equivalent Solicitation and one corresponding WDI Equivalent Supply Contract.  Additional WDI Equivalent Supply Contracts will be identified during discovery.

10

shaft seals and/or component parts specified in the WDI Equivalent Solicitations in connection with its performance of the WDI Equivalent Supply Contract.

51.     Coastal Seal's representations that the Inferior Products had the physical, functional, and/or performance characteristics of the WDI shaft seals and/or component parts specified in the WDI Equivalent Solicitations was literally false. Based upon WDI's investigation, the Inferior Products do not have the salient, physical, functional, or performance characteristics of the WDI shaft seals and/or component parts specified in the WDI Equivalent Solicitations.

52.     As a general matter, the Inferior Products do not have the same salient, physical, functional, or performance characteristics as shaft seals and/or component parts manufactured by WDI. Based upon WDI's examination of certain Coastal Seal shaft seals and component parts being used on USCG vessels, WDI has determined that the Inferior Products are not of the same OEM specifications as those supplied by WDI and are inferior in quality to genuine WDI products. Specifically, the Inferior Products do not possess the chemical material properties, physical attributes, or critical dimensional machining specifications of WDI shaft seals and/or component parts.

53.     Based upon WDI's examination of certain Coastal Seal shaft seals and component parts being used on USCG vessels, WDI has further determined that the Inferior Products do not meet applicable design criteria, safety regulations or industry standards and, as such, are at an increased risk of premature product failure.

54.     According to the WDI Equivalent Solicitation, the supply of shaft seals and/or component parts having, at a minimum, the same salient physical, functional, or performance characteristics of the WDI-manufactured shaft seals and/or component parts specified therein was a prerequisite for the award of the WDI Equivalent Supply Contracts. Therefore, Coastal Seal's

11

representation that the Inferior Products had such physical, functional, and/or performance characteristics was material to the U.S. Government's decision to purchase the Inferior Products from Coastal Seal.

55. Coastal Seal's false representation that the Inferior Products had the same salient physical, functional, or performance characteristics of the WDI shaft seals and/or component parts specified in the WDI Equivalent Solicitations has created a false association between the Inferior Products and WDI shaft seals.

56. By falsely representing that the Inferior Products had the physical, functional, and/or performance characteristics of the WDI shaft seals and/or component parts specified in the WDI Equivalent Solicitations, Coastal Seal diverted sales of shaft seals and/or component parts from WDI to itself.

57. Additionally, by falsely representing that the Inferior Products had the same salient physical, functional, or performance characteristics of WDI shaft seals and/or component parts, Coastal Seal is associating WDI and the Wärtsilä Trademark not only with inferior products, but also with the potentially catastrophic results of a premature product failure for each vessel on which the Inferior Products are installed.

58. Coastal Seal's sale of the Inferior Products as WDI-equivalent is also damaging WDI's reputation as a provider of high quality shaft seals and component parts in the United States naval/marine defense industry.

*Damages to WDI and Wärtsilä Technology*

59. Plaintiffs have sustained actual damages due to Coastal Seal's sale of the Inferior Products.

12

60.     Upon information and belief, WDI was not awarded the WDI Brand Supply Contracts due to Coastal Seal's false representation that the Inferior Products were manufactured by WDI or procured from WDI.

61.     Upon information and belief, WDI was not awarded the WDI Brand Supply Contracts due to Coastal Seal's false designation of origin of the Inferior Products through the use of the Wärtsilä Trademark in connection with the Inferior Products.  Additionally, the damage to WDI's reputation in its industry due to the false association between WDI and the Inferior Products has caused WDI to lose other contracts, revenues, and profits.

62.     WDI's products are used in applications that affect the public welfare, such as in vessels used in wartime, and WDI will have to spend time and money disassociating its products from the Inferior Products and Coastal Seal in order to salvage its reputation, re-establish its goodwill, and preserve its relationship with its largest customer, the U.S. Government.  WDI has also had to expend money to repair and/or replace WDI seals supplied to the U.S. Government that have failed due to the installation of Coastal Seal's inferior components and parts instead of genuine WDI components and parts.

63.     Further, by associating the Wärtsilä Trademark with the Inferior Products, Coastal Seal is tarnishing Wärtsilä Technology's reputation and diminishing the value of the "Wärtsilä" Trademark.

*Coastal Seal Continues to Damage WDI's Reputation and Business*

64.     By written correspondence of June 6, 2016, WDI notified Coastal Seal of the damage that Coastal Seal was causing to WDI by representing its inferior shaft seals and/or component parts to be of equal quality as WDI's shaft seals.

65.     In that same correspondence, WDI also demanded that Coastal Seal cease and desist from representing to third-party customers (and potential customers), including, but not limited to, the USCG and the DOHS, that any shaft seals or component parts sold, procured, or otherwise obtained by Coastal Seal have the same salient physical, functional, or performance characteristics of shaft seals and component parts manufactured by WDI or Wärtsilä or that such shaft seals and/or component parts were actually manufactured by or procured from WDI or Wärtsilä.

66.     Coastal Seal did not respond to this demand and, upon information and belief, does not intend to cease or desist from representing to third-party customers or potential customers that any shaft seals or component parts sold, procured, or otherwise obtained by Coastal Seal have the same salient physical, functional, or performance characteristics of WDI/Wärtsilä shaft seals or that such shaft seals and/or component parts were actually manufactured by or procured from WDI.

### COUNT I
### TRADEMARK INFRINGEMENT
### (Section 32 of the Lanham Act, 15 U.S.C.A. §1114)

67.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 66 of the Complaint.

68.     Wärtsilä Technology is the registrant of the Wärtsilä Trademark.

69.     Wärtsilä Technology and WDI are related companies under 15 U.S.C. §1127.

70.     Wärtsilä Technology has expended considerable resources marketing and promoting the Wärtsilä Trademark.

71.     WDI has expended considerable resources marketing and promoting its seal components and parts under the Wärtsilä Trademark.  Further, WDI has invested substantial time and money developing and testing its shaft seal technology to ensure that its products meet applicable design criteria, safety regulations, and industry standards.

14

72.     WDI's exclusive and extensive use and promotion of the Wärtsilä Trademark has caused this trademark to acquire considerable value and to become extremely well known to the United States naval/marine defense market as identifying and distinguishing WDI exclusively and uniquely as to the source of goods to which it is applied.

73.     WDI's use of the Wärtsilä Trademark inures to Wärtsilä Technology's benefit, pursuant to 15 U.S.C.A. §1055.

74.     Upon information and belief, notwithstanding Plaintiffs' superior right in the Wärtsilä Trademark, Coastal Seal has in the past and is continuing to advertise, distribute, offer to sell, and sell in interstate commerce goods that are substantially similar or identical (but inferior) to the goods or services provided by WDI under the Wärtsilä Trademark with notice of Wärtsilä Technology's federal registration rights and without authorization by Wärtsilä Technology or WDI.

75.     Coastal Seal's imitation, copying, and unauthorized use of the Wärtsilä Trademark is likely to cause, and has caused, confusion, deception, and mistake within the relevant market and trade by creating the erroneous impression that the goods sold, offered for sale, distributed or advertised by Coastal Seal have been manufactured, approved, sponsored, endorsed or guaranteed by, or are in some way affiliated with, Wärtsilä Technology and/or WDI.

76.     By reason of the foregoing, Coastal Seal has committed and is continuing to commit trademark infringement in violation of 15 U.S.C.A. §1114.

77.     Plaintiffs allege on information and belief that the aforementioned acts of infringement have been and will continue to be intentional, willful, deliberate, and malicious, and have been committed with actual and constructive knowledge of the Wärtsilä Trademark.

15

78.     Plaintiffs have been injured as a result of Coastal Seal's trademark infringement through the loss of contracts, including, but not limited to, the WDI Brand Supply Contracts, lost revenue and profits, the erosion of the goodwill associated with Plaintiffs' products, the diminished value of the Wärtsilä Trademark, and the costs of disassociating WDI products with the Inferior Products and repairing/replacing WDI seals that otherwise would not have failed but for the installation of the Inferior Products on U.S. Government vessels.

79.     Plaintiffs are likely to sustain further losses if Coastal Seal continues its unauthorized use of the Wärtsilä Trademark on its inferior products.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN**
**(Section 43(a) of the Lanham Act, 15 U.S.C.A. §1125(a)(1)(A))**

80.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 79 of the Complaint.

81.     Upon information and belief, Coastal Seal has used the Wärtsilä Trademark to falsely designate WDI as the source of the Inferior Products.

82.     Upon information and belief, Coastal Seal has made false statements of fact that the Inferior Products are genuine WDI products.

83.     Coastal Seal has caused the Inferior Products to enter commerce via the WDI Brand Supply Contracts.

84.     Coastal Seal's conduct constitutes the use of a false designation of origin and false descriptions or representations in interstate commerce likely to confuse, mislead, or deceive purchasers or potential purchasers.

85.     Coastal Seal's deception through the false designations of origin (via use of the Wärtsilä Trademark and express statements) of the Inferior Products as WDI shaft seal components and parts was material, in that it was likely to influence the purchasing decision.

16

86. Upon information and belief, Coastal Seal's false designations of origin did influence the USCG's decision to purchase the Inferior Products via the WDI Brand Supply Contracts.

87. Coastal Seal's use of the Wärtsilä Trademark wrongfully and falsely designates Coastal Seal's Inferior Products as originating from or otherwise being connected with WDI's product and constitutes infringement of the Wärtsilä Trademark in violation of 15 U.S.C. §1125(a).

88. Plaintiffs have been injured as a result of Coastal Seal's trademark infringement through the loss of contracts, including, but not limited to, the WDI Brand Supply Contracts, lost revenue and profits, the erosion of the goodwill associated with Plaintiffs' products, the diminished value of the Wärtsilä Trademark, and the costs of disassociating WDI products with the Inferior Products and repairing/replacing WDI seals that otherwise would not have failed but for the installation of the Inferior Products on U.S. Government vessels.

89. Plaintiffs are likely to sustain further losses if Coastal Seal continues to falsely designate WDI as the origin of the Inferior Products through the use of the Wärtsilä Trademark.

## COUNT III
## FALSE ADVERTISING
### (Section 43(a) of the Lanham Act, 15 U.S.C.A. §1125(a)(1)(B))

90. Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 85 of the Complaint.

91. Upon information and belief, Coastal Seal has made multiple representations that its shaft seals and/or component and parts, including the Inferior Products, have the same salient physical, functional, or performance characteristics of shaft seals and component parts manufactured by WDI in various written and oral communications with potential purchasers of shaft seals and component parts in the relevant market. Specifically, Coastal Seal has made these

17

statements in its bids, quotations, and proposals to existing and prospective customers, including, but not limited to the USCG, the U.S. Navy and the DOHS.

92.    At a minimum, Coastal Seal made these representations in response to the WDI Equivalent Solicitation and in its performance of the WDI Equivalent Supply Contract.

93.    These representations constitute commercial speech by a defendant that is in commercial competition with WDI.

94.    Coastal Seal made these representations for the purpose of influencing potential purchasers to buy its goods.

95.    Coastal Seal's representations that its shaft seals and/or component parts, including the Inferior Products, have the same salient physical, functional, or performance characteristics of shaft seals and component parts manufactured by WDI are statements of fact about the shaft seals and component parts that are literally false and misleading.

96.    Upon information and belief, Coastal Seal knew when it made the statements that the Inferior Products did not have the same salient physical, functional, or performance characteristics of shaft seals and component parts manufactured by WDI.

97.    This statement has deceived or has the capacity to deceive a substantial segment of potential consumers of shaft seals and component parts in the United States naval/marine defense market.

98.    At a minimum, this statement has deceived the U.S. Government, the largest single purchaser of seal components and parts in the United States naval/marine defense market and WDI's largest customer.

99.    The deception is material in that it is likely to influence the consumer's purchasing decision.

100.     Upon information and belief, this deception was material to the USCG's purchasing decision in connection with its purchase of the Inferior Products for the WDI Equivalent Supply Contracts.

101.     The shaft seal components and parts that are the subject of Coastal Seal's statement are in interstate commerce.

102.     By engaging in the activities described above, Coastal Seal has made and is making false, deceptive, and misleading statements constituting false representations and false advertising in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. §1125(a).

103.     WDI has been injured as a result of Coastal Seal's false statements through the loss of contracts, including, but not limited to the WDI Equivalent Supply Contracts, lost revenue and profits, the erosion of the goodwill associated with WDI's products, and the costs of disassociating WDI products with the Inferior Products and repairing/replacing WDI seals that otherwise would not have failed but for the installation of the Inferior Products on U.S. Government vessels.

104.     WDI is likely to sustain further losses if Coastal Seal continues to falsely represent that its shaft seals and/or component parts, including, but not limited to, the Inferior Products, have the same salient physical, functional, or performance characteristics of shaft seals and component parts manufactured by WDI.

**COUNT IV**
**UNFAIR COMPETITION: WDI BRAND SUPPLY CONTRACTS**
**(Section 43(a) of the Lanham Act, 15 U.S.C.A. §1125(a))**

105.     Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 104 of the Complaint.

106.     Plaintiffs hereby charge Coastal Seal with federal unfair competition under 15 U.S.C. §1125.

19

107. Upon information and belief, in order to obtain the award of the WDI Brand Supply Contracts, Coastal Seal proposed the supply of WDI brand shaft seals and/or component parts as required by the WDI Brand Solicitations. However, Coastal Seal actually intended to supply inferior counterfeit shaft seals and/or component parts under any contract awarded to it in connection with the WDI Brand Solicitations.

108. Upon information and belief, Coastal Seal's intention to supply counterfeit products instead of genuine WDI brand products afforded it the ability to underprice WDI's quote for the WDI Brand Supply Contracts.

109. Upon information and belief, Coastal Seal was awarded the WDI Brand Supply Contracts based upon its proposed supply of WDI brand shaft seals and/or component parts at a lower price than WDI proposed.

110. Upon information and belief, in performing the WDI Brand Supply Contracts, Coastal Seal supplied inferior, non-WDI shaft seals and/or component parts, which Coastal Seal designated as WDI products through the unauthorized use of the Wärtsilä Trademark, the utilization of WDI's parts numbers to identify the Inferior Products as originating from WDI, and express misrepresentations that the supplied shaft seals and/or component parts were WDI brand products.

111. Coastal Seal's imitation, copying, and unauthorized use of the Wärtsilä Trademark is likely to cause, and has caused, confusion, deception, and mistake within the relevant market and trade by creating the erroneous impression that the goods sold, offered for sale, distributed or advertised by Coastal Seal have been manufactured, approved, sponsored, endorsed or guaranteed by, or are in some way affiliated with, Wärtsilä Technology and/or WDI.

112.     Coastal Seal's unauthorized use and unlawful misappropriation of the Wärtsilä Trademark has enabled Coastal Seal to unlawfully trade upon the established goodwill and reputation of WDI as a provider of high-quality shaft seals and component parts.  It has also enabled Coastal Seal to obtain contracts under false pretenses.

113.     Coastal Seal's unauthorized use and unlawful misappropriation of the Wärtsilä Trademark has enabled Coastal Seal to unlawfully trade upon the established goodwill and reputation of the Wärtsilä companies.

114.     Coastal Seal's supply of the counterfeit Inferior Products gave it an unfair competitive advantage, as a result of which it was awarded the WDI Brand Supply Contracts.

115.     Likewise, Coastal Seal's false representations that the Inferior Products would be and were WDI shaft seals and/or component parts have enabled Coastal Seal to unlawfully trade upon the established goodwill and reputation of WDI as a provider of high-quality shaft seals and component parts and to be unjustly enriched via payments to which Coastal Seal was not contractually entitled.

116.     Coastal Seal's false representations that the Inferior Products would be and were Wärtsilä brand shaft seals and/or component parts have enabled Coastal Seal to unlawfully trade upon the established goodwill and reputation of the Wärtsilä companies.

117.     Coastal Seal's unauthorized use of the Wärtsilä Trademark, misrepresentations as to the origin of the Inferior Products, and sale of inferior counterfeit products constitute unfair competition which has damaged and continues to damage WDI's business.  Specifically, Coastal Seal's conduct has caused WDI to lose sales, contracts, revenue, profits, as well as to incur costs of disassociating WDI products with the Inferior Products and repairing/replacing WDI seals that have failed due to the installation of the Inferior Products on U.S. Government vessels.

21

118.    Coastal Seal's unauthorized use of the Wärtsilä Trademark, misrepresentations as to the origin of the Inferior Products, and sale of inferior counterfeit products constitute unfair competition which has damaged and continues to damage Wärtsilä Technology's business. Specifically, in addition to obtaining the benefits of the Wärtsilä Trademark without paying licensing fees or royalties, Coastal Seal's conduct has diminished value of the Wärtsilä Trademark owned by Wärtsilä Technology.

119.    Additionally, these acts of unfair competition by Coastal Seal have caused and are continuing to cause irreparable injury to the reputation and goodwill which WDI has established by manufacturing and selling high quality shaft seals under the Wärtsilä Trademark.

120.    Likewise, these acts of unfair competition by Coastal Seal have caused and are continuing to cause irreparable injury to the reputation and goodwill of Wärtsilä Technology, which has expended considerable resources marketing and promoting the Wärtsilä Trademark and ensuring that only the highest quality products are sold or marketed under the Wärtsilä Trademark.

121.    Coastal Seal is unjustly enriching itself at the expense and to the damage and injury of both Plaintiffs, and unless enjoined by this Court, will further impair the value of the Wärtsilä Trademark, both Plaintiffs' reputations and their goodwill.

**COUNT V**
**UNFAIR COMPETITION: WDI EQUIVALENT**
**SUPPLY CONTRACTS**
**(Section 43(a) of the Lanham Act, 15 U.S.C.A. §1125(a))**

122.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 121 of the Complaint.

123.    Plaintiffs hereby charge Coastal Seal with federal unfair competition under 15 U.S.C. §1125.

22

124.     In order to obtain the award of the WDI Equivalent Supply Contract, Coastal Seal proposed the supply of non-WDI shaft seals and/or component parts having the requisite physical, functional and/or performance characteristics specified in the WDI Equivalent Solicitation. However, Coastal Seal actually intended to supply the Inferior Products under any contract awarded to it in connection with the WDI Equivalent Solicitation.

125.     Upon information and belief, Coastal Seal was awarded the WDI Equivalent Supply Contract based upon its proposed supply of WDI-equivalent shaft seals and/or component parts.

126.     In performing the WDI Equivalent Supply Contract, Coastal Seal supplied the Inferior Products, which did not have the requisite physical, functional and/or performance characteristics of the WDI brand shaft seals specified in the WDI Equivalent Solicitation. However, upon information and belief, Coastal Seal falsely represented to the U.S. Government that the Inferior Products did have these characteristics.

127.     Coastal Seal's representation that the Inferior Products were equal to WDI's shaft seals enabled Coastal Seal to unlawfully trade upon the established goodwill and reputation of WDI as a provider of high-quality shaft seal components and parts.  It also enabled Coastal Seal to obtain contracts under false pretenses and to be unjustly enriched via payments to which Coastal Seal was not contractually entitled.

128.     Coastal Seal's representation that the Inferior Products were equal to WDI's shaft seals enabled Coastal Seal to unlawfully trade upon the established goodwill and reputation of the Wärtsilä companies generally.

23

129.    Coastal Seal's association of WDI's shaft seals with its Inferior Products is likely to cause and to continue to cause confusion in the trade, mislead, or deceive purchasers or potential purchasers, and constitutes common law unfair competition.

130.    Coastal Seal's association of WDI's shaft seals with its Inferior Products is likely to cause and to continue to cause loss of sales to WDI, as well as irreparable damages to WDI's and Wärtsilä Technology's reputations.

131.    These acts of unfair competition by Coastal Seal have caused and are continuing to cause irreparable injury to the reputation and goodwill which WDI has established by the manufacture and sale of high quality shaft seals under the Wärtsilä Trademark.

132.    Likewise, these acts of unfair competition by Coastal Seal have caused and are continuing to cause irreparable injury to the reputation and goodwill of Wärtsilä Technology, which has expended considerable resources marketing and promoting the Wärtsilä Trademark and ensuring that only the highest quality products are sold or marketed under the Wärtsilä Trademark.

133.    The acts and activities of Coastal Seal constitute fraud and deception upon United States naval/marine defense industry participants, and the natural and probable tendency of Coastal Seal's acts is calculated to deceive potential purchasers and pass off inferior, non-WDI equivalent products as being equal in quality to, and possessing the specified salient characteristics of, genuine WDI products.

134.    Coastal Seal has profited from the acts of unfair competition; the extent of profits and damages is currently unknown to Plaintiffs.

135.    WDI has suffered damages from Coastal Seal's acts of unfair competition, including lost sales, contracts, and revenues; injury to WDI's reputation; and erosion of WDI's goodwill; and the costs of disassociating WDI products with the Inferior Products and

repairing/replacing WDI seals that otherwise would not have failed but for the installation of the Inferior Products on U.S. Government vessels.

136.     Wärtsilä Technology has suffered damages from Coastal Seal's acts of unfair competition, including the diminished value of the Wärtsilä Trademark and the erosion of the goodwill associated with the sale of Wärtsilä brand products.

137.     Coastal Seal has unjustly enriched itself at the expense and to the damage and injury of both Plaintiffs, and unless otherwise enjoined by the Court, will further impair the value of Plaintiffs' reputations and goodwill.

### COUNT VI
### COMMON LAW TRADMARK INFRINGEMENT

138.     Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1 through 137 as though set forth herein in full.

139.     Wärtsilä Technology owns all rights, title, and interest in and to the Wärtsilä Trademark, including all common law rights in such mark.

140.     Upon information and belief, Coastal Seal, without authorization from Wärtsilä Technology or WDI, has used and is continuing to use the Wärtsilä Trademark on products that are not genuine WDI products.

141.     The foregoing acts of Coastal Seal are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception within the relevant market and trade as to whether the Inferior Products originate from, or are affiliated with, sponsored by, or endorsed by WDI and/or Wärtsilä Technology.

142.     Upon information and belief, Coastal Seal has acted with the knowledge of Wärtsilä Technology's ownership of the Wärtsilä Trademark and Wärtsilä Technology's superior right to

the use of such trademark, and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

143. Coastal Seal's acts constitute trademark infringement in violation of the common law of the State of North Carolina.

144. Upon information and belief, Coastal Seal has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

145. Upon information and belief, Coastal Seal intends to continue its infringing acts, unless restrained by this Court.

146. Coastal Seal's acts have damaged and will continue to damage Wärtsilä Technology, and Wärtsilä Technology has no adequate remedy at law.

## COUNT VII
## UNFAIR COMPETITION: NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT

147. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1 through 146 as though set forth herein in full.

148. Coastal Seal has engaged in willful and wanton conduct affecting interstate commerce, all of which constitutes unfair and deceptive trade practices within the meaning of N.C. Gen. Stat. § 75-1.1 *et seq.*

149. Plaintiffs have suffered actual injury and has been damaged by virtue of Coastal Seal's unfair and deceptive acts.

150. Pursuant to N.C. Gen Stat. §75-1.1 *et seq.*, Plaintiffs are entitled to treble damages and attorneys' fees for Coastal Seal's unfair and deceptive acts.

26

## COUNT VIII
## COMMON LAW UNFAIR COMPETITION

151.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1 through 150 as though set forth herein in full.

152.    The foregoing willful and wanton acts of Coastal Seal constitute unfair competition in violation of the common law of the State of North Carolina.

153.    Such unfair competition has caused Plaintiffs damage and lost profits.

154.    Upon information and belief, Coastal Seal has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

155.    Coastal Seal's unlawful conduct will continue to damage Plaintiffs unless enjoined by this Court and Plaintiffs have no adequate remedy at law.

## COUNT IX
## UNJUST ENRICHMENT

156.    Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1 through 155 as though set forth herein in full.

157.    The willful and wanton acts complained of above constitute unjust enrichment of Defendant at Plaintiffs' expense, in violation of the common law of the State of North Carolina.

WHEREFORE, Plaintiffs Wärtsilä Technology Oy AB and Wärtsilä Defense, Inc. respectfully request that Defendant Coastal Seal Services, LLC be cited to appear and answer and, upon final trial, that entry of a final judgment against Defendant Coastal Seal Services, LLC be made for the following:

(a)     Finding that (i) Defendant has violated Section 32 of the Lanham Act (15 U.S.C. §1114); Section 43(a) of the Lanham Act (15 U.S.C. §1125(a)(1)(A) and (a)(1)(B)); (ii) Defendant has engaged in trademark infringement and unfair competition under the common law of North Carolina; (iii) Defendant has engaged in unfair and deceptive trade within the meaning of the North Carolina Unfair Deceptive Trade Practices Act (N.C. Gen. State § 75-1.1 *et seq.*); and (iv) Defendant has been

27

unjustly enriched in violation of North Carolina common law;

(b)     Granting an injunction, pursuant to Federal Rule of Civil Procedure 65 and 15 U.S.C. §1116, preliminarily and permanently restraining and enjoining Defendant, its officers, directors, agents, servants, employees, attorneys, and any other persons in active concert or participation with Defendant from:

     (i)     Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Wärtsilä Trademark, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Inferior Products, and engaging in any other activity constitute an infringement of any of Plaintiffs' rights in the Wärtsilä Trademark;

     (ii)     representing to third-party customers (and potential customers), including, but not limited to, the USCG, the U.S. Navy, and the DOHS, that any seal components and/or parts sold, procured, or otherwise obtained by Defendant have the same salient physical, functional, or performance characteristics of seal components and/or parts manufactured by WDI or that such seal components and/or parts were actually manufactured by or procured from WDI (unless they were, in fact, so manufactured or procured);   and

     (iii)     Otherwise engaging in false advertising or in unfair competition with Plaintiffs in any manner whatsoever;

(c)     Ordering that Defendant turn over all WDI and Wärtsilä boxes, labels, packaging, brochures, manuals, seal drawings and all other Wärtsilä materials that Coastal Seal may have in its possession;

(d)     Ordering that Defendant be required to immediately provide to all of their advertisers, distributors, retailers, suppliers, and all others with whom they do business a copy of the court's injunction order, and otherwise inform them in writing that they must immediately cease, upon pain of contempt of court, the sale, distribution, marketing and advertising of any of Defendant's products as being genuine WDI products (through use of the Wärtsilä Trademark or otherwise) or having the same salient physical, functional, or performance characteristics as those of WDI;

(e)     Ordering that Defendant be required to deliver up and destroy all literature, advertising, brochures and other materials representing or purporting to demonstrate that Defendant's products are genuine WDI products, were actually manufactured by or procured from WDI, or have the same salient physical, functional, or performance characteristics as those of WDI; and

(f)     Ordering that Defendant be directed to file with this Court and serve on Plaintiffs within fifteen days after the service of an injunction, a report, in writing under oath, setting forth in detail the manner and form in which it has complied with the injunction;

(g)     Directing such other relief as the Court may deem appropriate to prevent the relevant market and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendant, has been authorized by WDI or Wärtsilä Technology, or is related in any way with WDI, Wärtsilä Technology, and/or their products;

(h)     Awarding Plaintiffs damages for past and future corrective advertising;

(i)     Awarding Plaintiffs statutory damages of $2,000,000 per counterfeit mark, per type of counterfeit good in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively and at Plaintiffs' choosing, ordering Defendant to account to and pay to Plaintiffs all indirect and direct profits realized by its wrongful acts and also awarding Plaintiffs their actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

(j)     Awarding Plaintiffs actual and punitive damages to which they are entitled under applicable federal and state laws;

(k)     Awarding Plaintiffs their costs, attorneys' fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117) and the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. § 75-1.1 *et seq.*);

(l)     Awarding Plaintiffs pre- and post-judgment interest at the maximum amount allowed by law; and

(m)     Granting Plaintiffs all other and further relief, in law and in equity, to which Plaintiffs may be justly entitled.

**Plaintiffs demand a trial by jury on all the issues so triable.**

Respectfully submitted, this 31st day of October, 2016,

By:    s/ Jason M. Sneed

**SNEED PLLC**
JASON M. SNEED (NC BAR # 29593)
MEGAN SOROKES (NC BAR #38525)
CHARLES M. LANDRUM III
(*PRO HACE VICE* PENDING/TO BE FILED)
610 Jetton Street, Suite 120-107
Davidson, North Carolina 28036
Telephone:  844-763-3347
Email: JSneed@SneedLegal.com
         MSorokes@SneedLegal.com
         CLandrum@SneedLegal.com

and

**BLAND & PARTNERS P.L.L.C.**
DAVID S. BLAND (LA BAR NO. #1257 AND TX BAR
NO. 00789021)
ALLISON R. COLÓN (LA BAR NO. #33068, TX BAR
NO. 24012446 AND MS BAR NO. 103024)
(*PRO HACE VICE* PENDING/TO BE FILED)
909 Poydras Street, Suite 1860
New Orleans, LA  70112
Telephone:     504-528-3088
Facsimile:     504-586-3419

*Attorneys for Wärtsilä Technologies Oy AB and
Wartsila Defense, Inc.*

30