**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Case No. 5:16-cv-198-RLV-DSC**

| | |
|---|---|
| WÄRTSILÄ TECHNOLOGY OY AB and WARTSILA DEFENSE, INC.,<br><br>      Plaintiffs,<br><br>v.<br><br>COASTAL SEAL SERVICES, LLC,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) and the parties' joint stipulation, the Court hereby ORDERS that the following restrictions and procedures shall apply to certain information, documents, and excerpts of documents supplied by the parties to each other in connection with this litigation:

1. **Confidentiality Designations.**

   a. Counsel for any party may designate any information or document not publicly available as "Confidential" if counsel determines, in good faith, that this designation is necessary to protect the interests of the client. A party designating documents or information as Confidential shall label the documents or information "CONFIDENTIAL" or use some substantially similar designation.

   b. "Highly Confidential–Attorneys' Eyes Only" is a subset of Confidential. It includes information or documents that satisfy all of the following: (a) not publicly available; (b) the disclosing party has a good faith belief to be highly confidential or commercially sensitive; and, (c) for which the disclosing party believes the dissemination to a competitor or person not entitled to the information could cause harm to the disclosing

1

party. A party designating documents or information as Highly Confidential–Attorneys' Eyes Only shall label the documents or information "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL–AEO" or use some substantially similar designation.

    c. For purposes of this Order, the term "Confidential Information" refers collectively to both information and documents marked as either Confidential or Highly Confidential–Attorneys' Eyes Only.

2. **No Other Use.** Unless otherwise ordered by the Court or otherwise provided for in this Order, all Confidential Information disclosed will be held and used by the person receiving the Confidential Information solely in connection with this litigation.

3. **Disclosure.** Except with a Court order or the prior consent of the disclosing party, either in writing or on the record at a deposition or hearing, Confidential Information shall not be disclosed to any person, except:

    a. **Documents or Information Designated "CONFIDENTIAL":**

        i. The Court and the Court's personnel;

        ii. Counsel of record for any of the parties, and the attorneys and clerical and administrative personnel (including, *e.g.*, persons retained for document reproduction and electronic data hosting) working at their direction and under their supervision;

        iii. Court reporters and their staff retained by the parties for the purpose of transcribing any deposition in this action;

        iv. Expert witnesses and consultants who are not employed by a direct competitor of the disclosing party or affiliated with any enterprise that is in a position to commercially exploit Confidential Information and are retained by any of the

parties for any purpose in the litigation, but only after the expert witness has signed and provided an executed Non-Disclosure Agreement to the party retaining the expert;

v. Expert witnesses and consultants employed by a direct competitor of the disclosing party or affiliated with any enterprise that is in a position to commercially exploit Confidential Information on 7-day written notice to all counsel of record prior to any disclosure of Confidential Information, during which period the disclosing party may object to the disclosure of the Confidential Information, and in response to which any other party may seek Court approval for the disclosure of the Confidential Information;

vi. The parties, officers, directors, employees and in-house counsel of the parties who are actively involved in the litigation and/or the decision-making with respect to the litigation; and,

vii. Witnesses for deposition and counsel for such witnesses in the course of a deposition, or, following issuance of a notice to take the deposition of a witness, in preparation for such witness' deposition; provided that, the Recipient making such disclosure to a witness in preparation for the witness' deposition shall keep a record of the Confidential Information disclosed to such witness and provided, further, that in advance of the disclosure of Confidential Information the party seeking to disclose the Confidential Information shall so inform the entity who so designated the Confidential Information. In this event, the disclosing party may object to the disclosure of the Confidential Information to the witness. In the event of such an objection, the party seeking disclosure of the Confidential Information to the witness must first seek Court approval of the disclosure to the witness.

b. Documents or Information Designated "Highly Confidential–AEO":

  i. Those persons identified at paragraphs 3(a)(i)–(iii) above, without executing the Non-Disclosure Agreement attached hereto;

  ii. Those persons identified in paragraph 3(a)(iv) above, but only after executing the Non-Disclosure Agreement attached hereto, providing such signed Non-Disclosure Agreement to all parties to this action, and allowing seven (7) days for any party to object to the disclosure of the Confidential Information. In the event of such an objection, the party seeking disclosure of the Confidential Information to the witness must first seek court approval of the disclosure to the witness; and,

  iii. Those persons identified in paragraph 3(a)(vii) above, but only with consent of the disclosing party and without further order of this Court.

c. In the event that a party shall desire to provide access to Confidential Information to any person or category of persons not included in this section, or if a person required by this Order to sign the Non-Disclosure Agreement refuses to do so, the party seeking disclosure shall move this Court for an order that such person or category of persons may be given access to the Confidential Information.

4. **Notice to Recipient.** Before disclosing or displaying the Confidential Information to any person, counsel shall: (a) inform the person of the confidential nature of the information; and (b) inform the person that this Court has enjoined use of the Confidential Information for any purpose other than this litigation and has enjoined disclosure to any other person.

5. **Non-Disclosure.** Any person receiving Confidential Information shall not disclose the information to any person who is not entitled to receive it under this Order. If a person discloses Confidential Information to any person not entitled to receive it under this Order, the person responsible for the disclosure or his counsel will inform counsel for the

disclosing party. The person responsible for the disclosure also will, without prejudice to other rights and remedies of any party, make a reasonable, good-faith effort to retrieve the material and to prevent further disclosure of it by the person who received such Confidential Information.

6. **Designations of Confidential Information at a Deposition or Hearing.** A party seeking to designate Confidential Information at a deposition or oral hearing may designate the material as Confidential or Highly Confidential–Attorneys' Eyes Only by indicating, on the record at the proceeding, the Confidential Information.

7. **Transcripts and Recordings Containing Confidential Information.** A single transcript and/or recording will be maintained for each deposition, including depositions containing documents or testimony designated as Confidential Information. Transcripts and recordings of hearings, trial, and other proceedings containing Confidential Information will be bound and maintained in accordance with Court procedures, or as otherwise ordered by the Court.

8. **Review Period.** All recordings and transcripts of depositions or hearings, plus any accompanying exhibits, shall be treated as Highly Confidential–Attorneys' Eyes Only for fifteen (15) days following receipt by the disclosing party of the transcript or recording (the "Review Period"). During the Review Period, no recipient may disclose any Confidential Information to any person not entitled to possess the materials, and during that time (or thereafter, if agreed by the disclosing party and all parties to this action), the disclosing party may designate any portion of the recording, transcript, or accompanying exhibits as Confidential or Highly Confidential–Attorneys' Eyes Only, or remove or alter any designation previously made. A party may not designate the entirety of a deposition or oral hearing as Confidential or Highly Confidential–Attorneys' Eyes Only absent entry of a

separate order by the Court. By the expiration of the Review Period, the disclosing party shall provide to all parties its designations, if any, with an identifying number (such as a Bates Number) or by title and internally numbered (*e.g.*, by page, paragraph, line).

9. **No Admission by Receiving Party.** Acceptance of designated Confidential Information is not an admission by the recipient that the information or documents are, in fact, Confidential Information. The recipient may at any time request that the disclosing party or the Court re-designate the information. However, Confidential Information shall maintain that designation for all purposes unless and until either (a) the disclosing party agrees to re-designate the information; or (b) the Court re-designates the information. In any motion challenging the designation of Confidential Information, the disclosing party bears the burden to prove the appropriateness of the designation.

10. **Inadvertent Disclosure.**

    a. **Confidential Information.** Inadvertent disclosure of documents or information that the disclosing party intended to designate as Confidential or Highly Confidential–Attorneys' Eyes Only does not waive that party's right to designate and protect the documents or information under this Order. The disclosing party shall promptly notify the recipient upon realizing its failure to designate the documents or information as Confidential or Highly Confidential–Attorneys' Eyes Only. However, the receiving party does not violate this Order by disclosing the information before it receives notice from the disclosing party.

    b. **Privileged Information.** If a party inadvertently produces or provides information it believes is subject to a claim of privilege or immunity—*e.g.*, attorney-client privilege, work-product-immunity doctrine, common-interest exception—the disclosing party may give written notice to the recipient that the information is subject to a claim of

privilege or immunity and request that the information be returned. If the disclosing party provides that written notice, the recipient shall immediately return the information to the disclosing party and delete any electronically stored copies. The recipient shall then certify that it has returned or destroyed all copies. Within three (3) business days of the notification that the inadvertently disclosed information has been returned and deleted, the disclosing party shall produce a privilege log as to the inadvertently disclosed materials. The return of the information by the recipient is not an admission and shall not permit the inference that the information is, in fact, privileged. Nor shall the return of the information foreclose any party from moving the Court for an order that the information has been improperly designated or should be produced for reasons other than a waiver caused by the inadvertent production.

11. **Challenges to Designations.** If a party challenges another party's designation of Confidential Information, counsel shall make a good-faith effort to resolve the dispute. If the parties cannot reach a resolution, the challenging party may seek resolution from the Court. All parties reserve the right to object to the use or admissibility of all Confidential Information disclosed under applicable law.

12. **Filing Confidential Information Under Seal.** When filling with the Court a document, transcript, or recording containing Confidential Information that is relevant and material to resolution of the matter at issue, the filing party must file the document under seal and:

   a. If the filing party did not designate the information as Confidential Information:
      i. file a notice to the Court identifying the disclosing party(ies);
      ii. file a redacted (*i.e.*, Confidential Information "blacked out") public version of the document that is being filed under seal; and,
      iii. serve on all parties an unredacted version of the document.

b. If the filing party designated the Confidential Information, file a motion to maintain the documents under seal setting forth the following:

   i. identification of each specific document or portion(s) thereof that the party contends should remain under seal;

   ii. the reasons demonstrating good cause to maintain the document, or portion(s) thereof, under seal;

   iii. a statement as to whether maintenance of the document under seal is opposed by any party; and,

   iv. a proposed order as an attachment.

c. Any disclosing party(ies) identified according to paragraph (a)(i) above must, within fourteen (14) days of service of that notice, file a notice authorizing the unsealing of documents or specific portions thereof and/or a motion to maintain the documents or specific portions thereof under seal that complies with the requirements of paragraph (b). If the disclosing party fails to file such statement or motion, then the filing party must notify the court of that failure. Such failure will result in unsealing the document(s).

13. **Denial of Motion to Maintain Under Seal.** If the Court denies any motion to maintain any document(s) under seal, the clerk will unseal the document(s) after fourteen (14) days, absent an objection under Fed.R.Civ.P. 72(a), motion to reconsider, appeal, or other Court order.

14. **Introduction of Confidential Information at Trial.** A party who seeks to introduce Confidential Information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected by this Order. If the party who designated the information as Confidential Information requests

the protection be continued, the Court will review the information, *in camera*, to determine if the information is entitled to the continued protection of this Order.

15. **A Party's Use of Its Own Confidential Information.** This Order shall not (a) prevent any party from using or disclosing its own Confidential Information as it deems appropriate; (b) preclude any party from showing an employee, officer, or expert of a disclosing party at a deposition any information provided by that disclosing party; or (c) preclude or limit any party from the lawful use of any information obtained from a source other than the disclosing party.

16. **Documents Filed Are Presumptively Public.** The parties understand that any documents filed with the Court or that otherwise become part of a judicial proceeding are presumptively public documents. The Court will seal documents only on an appropriate motion. This Order does not provide for the automatic sealing of documents.

17. **Destruction or Return of Confidential Information.** Within thirty (30) days following the execution of a settlement agreement or entry of a final judgment no longer subject to further appeal of this litigation, all parties shall return to the disclosing party, or destroy, all Confidential Information received in this case, with the exception that outside counsel for each party may retain, for a period of five (5) years following the dismissal with prejudice or expiration of appeal period, an archival copy of the Confidential Information. Until all Confidential Information received is returned to the disclosing party or destroyed, the recipient remains bound by the terms of this Order with respect to the possession and use of the Confidential Information. Upon reasonable request, any recipient of Confidential Information shall provide to any disclosing party written confirmation of the recipient's compliance with this paragraph and the terms of this Order.

18. **No Waiver.** This Order is without prejudice to the right of any party to (a) apply to the

Court for any further Protective Order relating to Confidential Information; (b) object to the production of documents or information; (c) apply to the Court for an order compelling production of documents or information; or (d) apply for modification of this Order.

19. **Protection of Third Parties.** If a party seeks third-party discovery, the third party shall be entitled to all of the protection and benefits that a party has under this Order. Counsel for the party seeking discovery shall provide a copy of this Order to the third party.

**SO ORDERED**.

Signed: February 27, 2017

David S. Cayer
United States Magistrate Judge

**INTENDING TO BE BOUND**, the parties have signed this Stipulated Protective Order on

February 27, 2017.

| | |
|---|---|
| s/ Charles Landrum | s/ Seth Hudson |
| Jason M. Sneed, Esq. (NC Bar No. 29593)<br>Megan E. Sorokes, Esq. (NC Bar No. 38525)<br>Charles M. Landrum, Esq. (admitted *pro hac vice*)<br><br>SNEED PLLC<br>610 Jetton St., Suite 120-107<br>Davidson, North Carolina 28036<br>Tel.:   844-763-3347<br>Email: JSneed@SneedLegal.com<br>            MSorokes@SneedLegal.com<br>            CLandrum@SneedLegal.com<br><br>David S. Bland (admitted *pro hac vice*)<br>Allison R. Colón (admitted *pro hac vice*)<br><br>BLAND & PARTNERS P.L.L.C.<br>909 Poydras Street, Suite 1860<br>New Orleans, LA 70112<br>Tel.:   504-528-3088<br>Email: dbland@blandpartners.com<br>acolon@blandpartners.com<br><br>*Attorneys for Plaintiffs*<br>*Wärtsilä Technology Oy Ab and*<br>*Wartsila Defense, Inc.* | Seth L. Hudson (NC Bar No. 70449)<br><br>CLEMENTS BERNARD WALKER PLLC<br>4500 Cameron Valley Parkway, Suite 350<br>Charlotte, NC 28211<br>Tel.: 704-790-3600<br>shudson@worldpatents.com<br><br>*Attorney for Defendant*<br>*Coastal Seal Services, LLC* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**Case No. 5:16-cv-198-RLV-DSC**

| | |
|---|---|
| WÄRTSILÄ TECHNOLOGY OY AB and WARTSILA DEFENSE, INC. | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| COASTAL SEAL SERVICES, LLC, | ) ) |
| Defendant. | ) ) |

**EXHIBIT 1 TO PROTECTIVE ORDER:**
**NON-DISCLOSURE AGREEMENT**

1. I have carefully read and understand the foregoing Order of the United States District Court for the Western District of North Carolina, in the above-captioned matter.

2. I agree that I will be bound by and will comply with all of the provisions of this Order. I will make no disclosures of Confidential Information to any person who is not permitted to have access to the Confidential Information under the Order, as applicable.

3. Upon final determination of this action, I will destroy all Confidential Information received by me within sixty days after sealing of the final order, or I will return the Confidential Information within sixty days to the disclosing party. If I destroy Confidential Information, I agree to send a letter to the disclosing party confirming its destruction.

4. I understand that a violation of this Agreement or the foregoing Order is punishable as a contempt of court. I hereby submit to the jurisdiction of this Court for purposes of enforcing this Agreement and the foregoing Order.

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this _____ day of _____, _____.

By: _____   Company: _____
Name: _____   Address: _____
Title: _____   Phone: _____

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2017, I served the foregoing *Stipulated Protective Order* with the Clerk of Court using the CM/ECF system. Service of the same on all counsel of record will be accomplished through the Notice of Electronic Filing, in accordance with LCvR 5.3.

                                         s/ Charles Landrum
                                         *For Plaintiffs Wärtsilä Technology Oy Ab and Wartsila Defense, Inc.*